50 A.3d 123

NORFOLK SOUTHERN RAILWAY COMPANY, Respondent

v.

PUBLIC UTILITY COMMISSION, Petitioner

Pennsylvania Department of Transportation, County of Lancaster, East Hempfield Township, Intervenors.

No. 143 MAL 2012.

Supreme Court of Pennsylvania.

July 31, 2012.

## ORDER

PER CURIAM.

**AND NOW**, this 31st day of July 2012, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioner, are:

(1) Did the Commonwealth Court depart from accepted judicial practice or abuse its discretion when the court ignored the plain language of Section 2704(a) of the Public Utility Code, 66 Pa.C.S. § 2704(a), and held that where "a railroad pays to operate on a rail line but has no ownership interest in or maintenance responsibility for the rail line or facilities at a crossing, it is not a 'concerned party' subject to allocation under Section 2704(a)?

(2) Has the Commonwealth Court departed from accepted judicial practice or abused its discretion by following the exception, rather than the rule, and citing *City of Chester v. Pa. Public Utility Commission,* 798 A.2d 288 (Pa.Cmwlth.2002) to carve out a narrow "ownership" requirement *solely* for railroads to be a party under § 2704(a), when no other public utility is held to the same standard?